IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TERRY MALONE,                    )
                                 )
              Plaintiff,         )              4:08CV3199
                                 )
        v.                       )
                                 )
HUSKER AUTO GROUP, Inc., a       )       REPORT AND RECOMMENDATION
Nebraska Corporation,            )
                                 )
              Defendant.         )
_____ )


        The defendant, Husker Auto Group, Inc., removed this case
from the District Court of Lancaster County, Nebraska.  The
defendant's notice of removal alleges this court has federal
question subject matter jurisdiction.  Filing No. 1, p. 2, ¶¶
6-7.  Pending before me for a report and recommendation is the
motion for remand filed by the plaintiff, Terry Malone.  Filing
No. 11.


                        STANDARD OF REVIEW

        "A defendant may remove a state law claim to federal court
when the federal court would have had original jurisdiction if
the suit originally had been filed there."  Phipps v. F.D.I.C.,
417 F.3d 1006, 1010 (8th Cir. 2005) (citing 28 U.S.C. § 1441(b)).
See also, City of Chicago v. International College of Surgeons,
522 U.S. 156, 163 (1997).  A defendant opposing remand bears the
burden of establishing that federal subject matter jurisdiction
exists over the plaintiff's case.  Green v. Ameritrade, Inc., 279
F.3d 590 (8th Cir. 2002).  If the defendant proves that any claim
within the plaintiff's complaint supports federal question
jurisdiction, the defendant may remove the entire case to federal
court, including any alleged state law claims arising from the
same core of operative facts.  See 28 U.S.C. § 1367; City of

Chicago, 522 U.S. at 164; Phipps, 417 F.3d at 1010 (citing Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996)).  However, all doubts as to the propriety of exercising federal jurisdiction over a removed case must be resolved in favor of remand.  Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

The allegations of the complaint existing at the time of removal control whether the plaintiff's claims are sufficient to establish federal question jurisdiction.  Phipps, 417 F.3d at 1010; Pullman Co. v. Jenkins, 305 U.S. 534, 537-538 (1939); Crosby v. Paul Hardeman, Inc., 414 F.2d 1, 3 (8th Cir. 1969).

> Removal based on federal question jurisdiction is usually governed by the "well-pleaded complaint" rule.  Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000).  This rule provides that federal jurisdiction may be invoked "only where a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Id.  The rule also "makes the plaintiff the master of the claim," allowing the plaintiff to "avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Phipps, 417 F.3d at 1010.  Unless federal law completely preempts the plaintiff's alleged state claims, or the plaintiff's right to relief requires resolution of a substantial question of federal law, a complaint alleging a claim under state law cannot be removed simply because the allegations could also support recovery under federal law.  Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998); Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1983); Chaganti & Associates, P.C. v. Nowotny 470 F.3d 1215, 1220 (8th Cir. 2006)(discussing the "artful pleading" corollary to the "well-pleaded complaint" rule); M. Nahas & Co.,

Inc. v. First Nat. Bank of Hot Springs, 930 F.2d 608, 611 (8th Cir. 1991)(holding federal question jurisdiction existed where state law was completely preempted, explaining a plaintiff cannot thwart removal by concealing a federal question that would necessarily have appeared in the complaint had it been well pleaded).

THE PLAINTIFF'S COMPLAINT

The plaintiff's state court complaint alleges:

The plaintiff is a male over 55 years of age who suffers from post-polio syndrome.  He began working for the defendant as an Assistant Financial Director in February of 2003.  Filing No. 1-2, at CM/ECF pp. 4-5, ¶¶ 9, 14.  Although the plaintiff occasionally missed a few days of work due to post-polio syndrome, this disability did not interfere with his ability to perform his job for the defendant.  Filing No. 1-2, at CM/ECF p. 5, ¶ 16.

While working as an Assistant Financial Director, the plaintiff discovered that two of defendant's Financial Assistants were engaged in fraudulent activities.  He reported the fraud to the general manager, and the Financial Assistants were terminated.  Thereafter, he reported that the defendant's Finance and Insurance Director was processing fraudulent car loans.  Shortly thereafter, in approximately April 2006, the plaintiff was transferred from his position as Assistant Financial Director to a lower paid position as Fleet Manager.  Filing No. 1-2, at CM/ECF p. 4, ¶ 10.

3

The general manager was terminated on August 23, 2006.  4,
11  The plaintiff went on vacation from August 25, 2006 through
August 30, 2006, and upon his return on August 31, 2006, he was
terminated.  No reason was given for his termination.  Filing No.
1-2, at CM/ECF p. 4, ¶ 11.  The defendant hired a significantly
younger person to replace the plaintiff.  Filing No. 1-2, at
CM/ECF pp. 5, ¶ 18.

The plaintiff's complaint begins with a statement of
"Jurisdiction," which states:

> This action, brought pursuant to the Nebraska Fair
> Employment Practices Act (NFEPA), Neb. Rev. Stat.
> §48-1101 et. seq., and the Act Prohibiting Unjust
> Discrimination in Employment Because of Age, Neb. Rev.
> Stat. §48-1001 et. seq., is an action to redress the
> unlawful violations by the Defendants of discrimination
> based upon disability and age, for violations of the
> Whistle-Blower provisions of the Nebraska Fair
> Employment Practices Act, and for termination of
> employment against the public policy of this State.

Filing No. 1-2, at CM/ECF pp. 3, ¶ 1.  Consistent with this
statement, the complaint contains four separate claims, each
claim preceded by its own heading or subtitle.

The plaintiff's first claim, entitled "First Cause of Action
(Whistle-Blower Activities)," alleges the defendant violated "the
'Whistle-Blower' provision of the Nebraska Fair Employment
Practices Act, Neb. Rev. Stat. §48-1114" by demoting and then
terminating the plaintiff after the plaintiff raised complaints
of fraud.  Filing No. 1-2, at CM/ECF pp. 4-5, ¶¶ 12-13.

The plaintiff's second claim, entitled "Second Cause of
Action (Americans with Disabilities Act)," alleges the defendant
violated Nebraska's Fair Employment Practices Act, Neb. Rev.

4

Stat. §§48-1101, et. seq. by terminating the plaintiff because it
perceived him as disabled due to post-polio syndrome.  Filing No.
1-2, at CM/ECF p. 5, ¶¶ 14-17.

    The plaintiff's third claim, entitled "Third Cause of Action
(Age)," alleges the defendant violated the Act Prohibiting
Discrimination in Employment Because of Age, Neb. Rev. Stat. §
48-1001 et. seq., by terminating the plaintiff based on age.
Filing No. 1-2, at CM/ECF p. 5, ¶ 18.

    The plaintiff's fourth claim, entitled "Fourth Cause of
Action (Public Policy)," alleges the defendant violated Nebraska
public policy by terminating the plaintiff for reporting acts of
fraud.  Filing No. 1-2, at CM/ECF p. 5, ¶¶ 19-20.

    Paragraph three of the complaint alleges "[d]efendant is an
employer within the meaning of the ADA, ADEA, the FMLA, the
Nebraska Fair Employment Practices Act and the Nebraska Act
Prohibiting Unjust Discrimination in Employment Because of Age,"
Filing No. 1-2, at CM/ECF p. 3, ¶ 3.  The ADEA and FMLA are never
mentioned again in the complaint; the single additional reference
to the ADA is in the heading for plaintiff's second claim.
Filing No. 1-2, at CM/ECF p. 5.  The plaintiff never alleges that
the ADA, ADEA, or FMLA were violated by the defendant's conduct
or that he seeks relief under these federal statutes.

                           DISCUSSION

    "The district courts shall have original jurisdiction of all
civil actions arising under the Constitution, laws, or treaties
of the United States." 28 U.S.C.A. § 1331.  If the plaintiff's
complaint, or any claim therein, arises under federal law, the

                               5

entire case can be removed to federal court.  28 U.S.C.A. § 1441 (b) & (c).  A case arises under the laws of the United States if it "really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such law" which is determinative of the resulting judgment.  Shulthis v. McDougal, 225 U.S. 561, 569 (1912).  Federal question jurisdiction is present only if the plaintiff's reliance on a federal right for obtaining relief appears on the face of the complaint or necessarily depends on resolution of a substantial question of federal law.  Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 906 (8th Cir. 2005); First Federal Sav. and Loan Ass'n of Harrison, Ark. v. Anderson, 681 F.2d 528 (8th Cir. 1982); Koll v. Wayzata State Bank  397 F.2d 124, 127 (8th Cir. 1968).

The defendant argues removal is proper because paragraph three of the complaint mentions the ADA, ADEA, and FMLA; the title or heading for plaintiff's second claim, which references the "American With Disabilities Act," indicates the plaintiff is seeking recovery under federal law; and the complaint alleges facts that would support the elements of federal age and disability employment law claims.  The plaintiff counters that federal question jurisdiction is lacking because the allegations of plaintiff's complaint clearly establish that the plaintiff seeks recovery under Nebraska law, not federal law, and therefore his claim does not arise under federal law.

"It is well settled that the recitation of a statute can neither deprive a court of jurisdiction nor confer jurisdiction upon it."  Beeler v. U.S., 338 F.2d 687, 689 (3d Cir. 1964).  "[A] mere assertion of a deprivation of a federal . . . right is not sufficient to sustain federal jurisdiction; conclusory

6

statements unsupported by adequate factual allegations in the
complaint will not suffice." Stanturf v. Sipes, 335 F.2d 224,
229 (8th Cir. 1964). See also, Fountain v. New Orleans Public
Service, Inc., 265 F.Supp. 630, 632 (D.C. La. 1967)("The general
rule governing pleading Federal jurisdiction requires more than a
simple allegation that jurisdiction exists or citation of a
Federal statute.").

> [T]he entirety of the complaint must support the
> jurisdictional allegation in a case based on a claim
> arising under a special federal question statute.
> Enough should be alleged in the statement of the claim
> to show that the action does arise under the statute on
> which it purports to be based. Indeed, it is these
> statements in the body of the pleading that give the
> district court subject matter jurisdiction and not the
> mere conclusory reference to or recitation of a federal
> statute in the jurisdictional allegations.

Wright & Miller, 5 Fed. Prac. & Proc. Civ. 3d § 1210, at p. 146
(2004).

Having reviewed the plaintiff's complaint, the court finds
that the plaintiff's claims arise under Nebraska statutory and
common law. Although the defendant argues that the heading of
the second claim, "Second Cause of Action (Americans with
Disabilities Act)," establishes federal question jurisdiction,
the actual allegations of that claim cite to only state law and
never mention the ADA. The heading does reference federal law,
but "the label which a plaintiff applies to a pleading does not
determine the nature of the cause of action which he states."
Johnson v. U.S., 547 F.2d 688, 691 (D.C. Cir. 1976).

Paragraph three of the complaint does reference the ADA,
ADEA, and FMLA. However, that paragraph merely states the
defendant is an employer as that term is defined under those

federal statutes.  Reciting the ADA, ADEA, and FMLA, with no
accompanying allegation that the defendant violated these federal
laws or that the plaintiff seeks recovery under these laws, is
insufficient to confer federal question jurisdiction.  See e.g.,
Burnett v. Lyon  2007 WL 1284938, 2 (W.D. Mich. 2007)(holding
federal question jurisdiction was lacking where the plaintiff's
complaint referred to federal law, including the ADA, but the
body of the complaint never explained the relationship between
the federal laws cited and the plaintiff's state common law
claim).

     Even if the factual allegations of the complaint could
support claims under both federal and state law, a case does not
arise under federal law if the plaintiff relies on only state law
as a basis to recover for termination of his employment.  Rains
v. Criterion Systems, Inc., 80 F.3d 339 (9th Cir. 1996).  In
Rains, the plaintiff was fired from his job and filed suit in the
California state courts.  His state complaint alleged, at the
outset, that his claim arose under "the laws of the United States
. . ., the laws of the State of California, . . . and the rules,
regulations, and directives implementing said statutes and common
law," but the actual claims in the complaint (including his
wrongful termination claim) arose under only California law.  The
court determined that although the complaint cited Title VII a
number of times, the plaintiff was citing this federal law in
support of his public policy argument, and not as a basis for
recovery.  The plaintiff could rely on Title VII on as a public
policy source for his state wrongful termination claim without
converting the case into one arising under federal law.

Rains agreed that the allegations of plaintiff's wrongful termination claim also supported a Title VII action, but nonetheless found no federal question jurisdiction.

> That the same facts could have been the basis for a Title VII claim does not make Rains' wrongful termination claim into a federal cause of action. Rains chose to bring a state claim rather than a Title VII claim, and was entitled to do so.

Rains, 80 F.3d at 344.  Rains held that Title VII did not completely preempt state employment law, and the plaintiff had not omitted from his complaint any federal law essential to his claim.  The court remanded the complaint to state court, holding the defendants could not "rewrite a plaintiff's properly pleaded claim in order to remove it to federal court." Rains, 80 F.3d 339, 344.  See also, Environmental Remediation Holding Corporation v. Talisman Capital Opportunity Fund, L.P., 106 F. Supp. 2d 1088, 1090 (D. Colo. 2000)(holding that although the plaintiff alleged defendant violated federal securities law, federal question jurisdiction was lacking where the outcome of the plaintiff's claim did not rest on resolving federal securities law issues and the plaintiff chose to allege only state common law claims.  "Defendants do not satisfy their burden [of proving removal was proper] by stating that plaintiffs could have framed federal claims.").

Malone, as master of his complaint, is entitled to forego any remedies that may be available under federal law by pleading only state law claims for relief.  Malone's complaint against Husker Auto Group mentions the ADA, ADEA, and FMLA, but does not seek recovery under these federal laws.  Plaintiff's mere citation to these federal statutes does not create a federal question.

Since the plaintiff's claims rest on Nebraska law, not federal law, this court lacks federal question jurisdiction.  The case should be remanded to the District Court of Lancaster County, Nebraska.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the plaintiff's motion for remand, (filing no. 11), be granted, and that this case be remanded to the District Court of Lancaster County, Nebraska.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

DATED this 19th day of November, 2008.

BY THE COURT:

s/ David L. Piester
David L. Piester
United States Magistrate Judge

10